UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE GENTRY,

        Plaintiff,                 Case No. 11-15422

v.

                                    SENIOR UNITED STATES DISTRICT JUDGE
COMMISSIONER OF SOCIAL SECURITY,      ARTHUR J. TARNOW

        Defendant.              MAGISTRATE JUDGE LAURIE J. MICHELSON

                                    /

## ORDER ADOPTING REPORT AND RECOMMENDATION [23], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]

On December 10, 2012, Magistrate Judge Michelson issued a Report and Recommendation ("R&R") [23] recommending that Defendant's Motion for Summary Judgment [18] be granted and that Plaintiff's Motion for Summary Judgment [15] be denied. Plaintiff filed an Objection [25] on December 26, 2012.

For the reasons stated below, the Report and Recommendation is ADOPTED and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment is GRANTED. Plaintiff's Motion for Summary Judgment is DENIED.

### I. Factual Background

The R&R contains a detailed explanation of the factual background of this case, and the Court adopts the factual background as set out in the R&R in full.

### II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)©. Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*,

474 F.3d 830, 837 (6th Cir. 2006).  Objections that are filed must be specific.  *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

In reviewing an Administrative Law Judge's ("ALJ") decisions, 42 U.S.C. § 405(g) provides that the ALJ's "factual findings are conclusive if supported by substantial evidence."  *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)) (internal quotation marks omitted); *See also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In order to determine "whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight."  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal citations omitted).  So long as the conclusion is supported by substantial evidence, "this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion."  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### III. Analysis

**A. First Objection - ALJ did not find Plaintiff had a severe impairment**

Plaintiff's first objection is that the ALJ improperly failed to find that Plaintiff's impairments were "severe."  Plaintiff's argument is two-pronged: First, that the ALJ used an improper definition of "severe," and second, that the ALJ did not give proper weight to Plaintiff's medical evidence from

2

before and after the relevant period, the relevant period in this case being from the alleged onset date, January 1, 2002, through March 31, 2005, the date Plaintiff was last insured.

Plaintiff objects to the ALJ's finding at Step Two that Plaintiff did not have a severe impairment. A "severe" impairment is one that "significantly limits . . . physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520©. Plaintiff cites a single sentence from a 1996 Social Security Administration Policy Interpretation Ruling titled "Considering Allegations of Pain and Other Symptoms In Determining Whether A Medically Determinable Impairment is Severe." The interpretation states that "an impairment or combination of impairments is considered 'severe' if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities." SSR 96-3p. In the instant case, the ALJ found that Plaintiff's impairments were "not severe" because they did not "significantly limit" Plaintiff's ability to do "basic work activities." Plaintiff cites to no authority that an ALJ is required to separately find that a claimant's impairments have "no more than a minimal effect on the ability to do basic work activities." Rather, this finding is implicit in any finding that an impairment does not meet the regulatory definition of a severe impairment.

Plaintiff also argues that the ALJ did not give proper weight to Plaintiff's medical evidence from before and after the relevant period, the relevant period in this case being from the alleged onset date, January 1, 2002, through March 31, 2005, the ate Plaintiff was last insured. "Evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) (citing *Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 264 n.6 (6th Cir. 1988)). The burden is on Plaintiff to provide medical

3

evidence that establishes that he was disabled on or before his date last insured. *See* 42 U.S.C. § 423(a), (c). Evidence outside of the relevant time period must relate back to Plaintiff's medical condition during the relevant time period. *Price v. Chater*, 106 F.3d 401 (6th Cir. 1996) (citing *King v. Secretary of Health and Human Services,* 896 F.2d 204, 205-06 (6th Cir.1990)).

It is undisputed from the record that Plaintiff has no evidence of a diagnosis of disability or severe impairment from credible medical sources during the relevant period of 2002-2005. The only medical evidence from the relevant period are treatment notes regarding an injury to Plaintiff's right ring finger from when it was slammed in a door, a treatment log regarding a single visit to the Ducharme Chiropractic Center, and a printout from Plaintiff's pharmacy laying out the various medications he was taking at the time. While the list of medication is extensive, it does not, without any diagnosis of disability, establish that Plaintiff had a "severe impairment."

While Plaintiff does have some evidence from several years after the relevant period that suggest his condition may have worsened, specifically the 2010 statement from Dr. Buchmann that Plaintiff had "low back pain persisting following laminectomy in 1994" this statement does not establish that Plaintiff had a severe impairment from 2002 to 2005. There is substantial evidence in the record sufficient to support the ALJ's conclusion that Plaintiff did not have a severe impairment in the relevant period of 2002 to 2005.

Plaintiff also argues that the Magistrate Judge and ALJ did not give consideration to his claim that he was indigent from 2002 to 2005. However, as the Magistrate Judge noted, Plaintiff's claim of indigence is not well-explained and Plaintiff filled numerous prescriptions during the period from January 1, 1999 to January 1, 2005, spending almost $5000 in co-payments. This suggests that Plaintiff was capable of securing medical care during the relevant period.

For the reasons stated above, Plaintiff's first objection is not persuasive.

**B. Second Objection - Credibility**

Plaintiff argues that the ALJ improperly evaluated his credibility. Plaintiff succinctly states the applicable law:

> When there is objective medical evidence of an underlying medical condition, the court must determine (a) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (b) whether the objectively established medical evidence is of such severity that it can reasonably be expected to produce the alleged disabling pain. *Duncan v. HHS*, 801 F.2d 847, 853 (6th Cir. 1986). While a claimant's statements as to pain or other symptoms shall not be conclusive evidence of disability, the claimant may rely on his own testimony in combination with objective medical evidence in order to establish disability. *Cohen v. HHS*, 964 F.2d 524, 529 (6th Cir. 1992). Thus, subjective complaints of pain or other symptoms may support a claim of disability. *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989).

As discussed above, Plaintiff is unable to establish the necessary "objective medical evidence" sufficient to support his subjective complaints of pain. Accordingly, the Court finds that the ALJ's credibility determination is supported by substantial evidence. Plaintiff's second objection is therefore not persuasive.

## V. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [23] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [18] is **GRANTED**. Plaintiff's Motion for Summary Judgment [15] is **DENIED**. This case is hereby **CLOSED**.

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: March 25, 2013                Senior United States District Judge